**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY ESPINOSA, | No.    17-15900 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-00324-FRZ-BGM |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Argued and Submitted December 18, 2018
San Francisco, California

Before:  GOULD and BERZON, Circuit Judges, and BLOCK,** District Judge.

Anthony Espinosa ("Espinosa") appeals the dismissal of his First Amended

Complaint alleging that the Department of Justice ("DOJ") violated his Fifth

Amendment due process rights when it sent Espinosa's employer—the Department

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

of Homeland Security ("DHS")—a letter stating that it would no longer use Espinosa as a witness in future criminal prosecutions. Because Espinosa has not pleaded an interest protected by the Fifth Amendment, we affirm.[1]

The requirements of due process apply only when a liberty or property interest protected by the Fifth Amendment has been impaired. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Where there is no such protected interest, no process is due under the Constitution.

Espinosa has not pleaded a constitutionally protected due process interest. First, Espinosa has no protected interest in serving as a witness in criminal prosecutions. "[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). Whether Espinosa will be called to testify in federal criminal prosecutions is well within the discretion of federal prosecutors. *See Roe v. City & Cty. of S.F.*, 109 F.3d 578, 584 (9th Cir. 1997). Espinosa therefore cannot claim that DOJ improperly denied him the right to testify because he has no such right.

Nor does due process protect Espinosa from reputational damage by DOJ, which is not his employer. Under *Roth*, a government employee can claim a protected interest if the government (1) impugns the employee's "good name,

---

[1] Because we affirm the district court on the grounds that Espinosa has failed to state a constitutionally protected due process interest, we do not decide whether DOJ is entitled to absolute immunity from suit.

reputation, honor, or integrity"; (2) or imposes "a stigma or other disability that foreclose[s] his freedom to take advantage of other employment opportunities." 408 U.S. at 574. However, "the defamation had to occur in the course of the termination of employment." *Paul v. Davis*, 424 U.S. 693, 709 (1976); *see also Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (holding that an individual had no due process interest in challenging his former government employer's negative employment reference after he was not hired by a prospective government employer because of that reference).

In this case, DOJ was not Espinosa's employer and therefore did not damage Espinosa's reputation *in the course of* terminating his employment. DOJ sent DHS a letter communicating its decision not to use Espinosa as a witness in future prosecutions, reasoning that, if it did so, it would be required to disclose Espinosa's relationship with an alleged narcotics trafficker pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). The letter also accused Espinosa of "untrustworthiness and lack of judgment." As a result of the letter, DHS demoted Epinosa from his role as a Lead Border Patrol Agent. Espinosa submitted written and oral responses to DHS contesting the demotion, but DHS made the decision to demote him without considering the factual basis underlying his disqualification from serving as a witness. However, we have no occasion to decide whether

Espinosa would have a claim under *Roth* against DHS, as the agency is not a party to this suit.

**AFFIRMED**.